IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BEVERLY KELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 7875 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| BOARD OF EDUCATION OF THE | ) | Magistrate Judge Cole |
| CITY OF CHICAGO, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The Board of Education for the City of Chicago ("the Board") moves for reconsideration of the order of March 13, 2012, which granted the plaintiff's motion to compel. To fully understand the motion, it is necessary to review the March 13th order in its entirety:

> This is an age discrimination case in which the plaintiff has filed a second motion to compel. On July 12, 2011, the plaintiff filed a motion to compel responses to written discovery. That motion was heard before Judge Lefkow on July 18, 2011. The defendant was ordered to completely respond to all outstanding discovery as outlined in open court. (Dkt. 22). On March 2, 2012, the plaintiff filed this motion to compel document production, which was referred here. The categories of documents requested are broad and numerous – perhaps objectionably so. The problem, however, is the way in which the defendant has responded. "An advocate's job is to make it easy for the court to rule in his client's favor . . . .," not to make it a struggle. *Dal Pozzo v. Basic Machinery Co., Inc.*, 463 F.3d 609, 613 (7th Cir. 2006). As discussed below, the defendant's response leaves it to the court to make out the case in opposition to the motion. And that is not a judge's job. *Alioto v. Town Of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011).
>
> As expansive as the definition of relevancy is under Rule 401 of the Federal Rules of Evidence, *United States v. Murzyn,* 631 F.2d 525, 529 (7th Cir. 1980); *United States v. Marks,* 816 F.2d 1207, 1211 (7th Cir. 1987), the standard under the discovery provisions of the Federal Rules of Civil Procedure is even broader. *Hofer v. Mack Trucks,* 981 F.2d 377 (8th Cir. 1992); *Johnson v. Jung,* 2007 WL 1373181, *2 (N.D.Ill. 2007). *See generally Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30 (1984). Under Rule 26, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1).
> The plaintiff's motion seeks an order compelling the defendant to produce a broad

range of documents previously requested in the plaintiff's First Request for Production (Dkt 19). The motion sets out the controlling legal standard, and the plaintiff's argument is supported by citations to appropriate rules and to relevant case law. This is in marked contrast to the defendant's response, which fails to cite to a single authority in support of its objections to the plaintiff's requests.

Instead, in response to the plaintiff's specific requests, the defendant essentially argues one of two things, in some combination. First, that the information sought is somehow privileged, overly broad, not relevant, and/or unduly burdensome. Second, that the documents requested may already have been tendered to the plaintiff's attorney as part of a previously litigated case. None of the defendant's arguments are persuasive.

To begin, the defendant fails to mention what specific privilege the Board is trying to invoke, and it is not for me to guess at what is intended. Similarly, the defendant's contention that a given request is overly broad, not relevant, or unduly burdensome is uninformative and unsatisfactory. The defendant's *ipse dixit* recitation of boilerplate objections is thereby waived because such responses are improper.

If the party from whom the documents are requested objects to their production, that party has the burden to show why a discovery request is improper. *See* Rule 34(b); *Gile v. United Airlines, Inc.,* 95 F.3d 492, 495 (7th Cir. 1996); *United Auto Ins. v. Veluchamy* 2010 WL 749980, *5 (N.D.Ill. 2010); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 337 (N.D.Ill. 2005). That burden cannot be met by a reflexive invocation of "the same baseless, often abused litany" that the requested discovery is "vague, ambiguous, overly broad, unduly burdensome," or that it is "not reasonably calculated to lead to the discovery of admissible evidence." *Swift v. First USA Bank*, *No. 98-8238*, 1999 WL 1212561 (N.D.Ill. 1999). Despite courts' repeated admonitions that these sorts of "boilerplate" objections are ineffectual, *Joseph v. Harris Corp.*, 677 F.2d 985, 992 (3rd Cir. 1983), their use continues unabated, with the consequent institutional burdens, *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987); *Channell v. Citicorp Nat. Services, Inc.*, 89 F.3d 379, 386 (7th Cir.1996), and the needless imposition of costs on the opposing party. They are "'tantamount to not making any objection at all.'" *E.E.O.C. v. Safeway Store, Inc.*, 2002 WL 31947153, *2-3 (N.D.Cal. 2002). *See also In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994,* 172 F.R.D. 295 (N.D.Ill. 1997) (rejecting generic, non-specific, boilerplate objections); *Klein v. AIG Trading Group Inc.*, 228 F.R.D. 418, 424 (D.Conn. 2005) (overruling objections that "the familiar litany that the [requests] are burdensome, oppressive or overly broad"); *American Rock Salt Co., LLC v. Norfolk Southern Corp.*, 228 F.R.D. 426, 432 (W.D.N.Y. 2005) ("generalized objections that discovery requests are vague, overly broad, or unduly burdensome are not acceptable"); *Athridge v. Aetna Casualty and Surety Co.*, 184 F.R.D. 181, 190-91 (D.D.C. 1998)(rejecting general boilerplate objections); *Roesberg v. Johns-Mansville Corp.*, 85 F.R.D. 292, 297 (E.D.Pa. 1980); *Compagnie*

*Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984); *Klein v. AIG Trading Group Inc.*, 228 F.R.D. 418, 422 (D.Conn. 2005); *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6-7 (N.D.Ill. 2006).

As my standing orders, which are based on and dictated by consistent Seventh Circuit precedent, make clear, unsupported motions will not be considered. Such motions and responses are deemed waived under the familiar and oft-cited principle that skeletal, perfunctory and unsupported presentations will not be considered. *See e.g. Clarett v. Roberts*, 657 F.3d 644, 674 (7th Cir.2011); *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011); *United States v. Johnson*, 643 F.3d 545 (7th Cir.2011); *United States v. Useni*, 516 F.3d 634, 658 (7th Cir.2008); *United States Myrick v. Aramark Corp.*, 2004 WL 906176, *6 (N.D.Ill. 2004)(Lefkow, J.).

Finally, the argument that the defendant has already met its discovery burden, with respect to some requests, because the plaintiff's attorney may already be in possession of the requested discovery, from a separate case, is equally skeletal and more importantly, completely unsupported. The plaintiff is entitled to discovery in this case without regard to what may or may not have been provided in some other case. The plaintiffs' motion to compel document production [36] is granted.

The motion for reconsideration does not argue that the waiver doctrine was improperly applied or that the last paragraph of the order was erroneous. Rather, it contends that it is appropriate for a court to "'reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked.' *Ahmed v. Ashcroft*, 388 F.3d 247 (7th Cir. 2004)." (Motion at 1). If the argument is that a motion for reconsideration may advance additional arguments not made in the opening brief, or that a motion for reconsideration is an appropriate vehicle to advance some aspect of the case that was overlooked by counsel, it is manifestly wrong. Not only was the excerpt selectively excised from Judge Posner's opinion not intended to articulate such a rule, but every case dealing with motions for reconsideration refutes it. Here is the portion of the opinion immediately following the snippet quoted in the motion for reconsideration: "Therefore [the motion for reconsideration] shall state the reasons for the motion by specifying the errors of fact or law in the [opinion].... 'Reconsideration

3

is not an appropriate forum for...arguing matters that could have been heard during the pendency of the previous motion.'" *Ahmed*, 388 F.3d at 249. That is the situation in this case.[1]

The motion for reconsideration also ignores the uniform cases that set forth with undeviating consistency the standards that govern analysis of motions for reconsideration. First, motions for reconsideration are viewed with disfavor. *See e.g.*, *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990);18B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4478 (2d ed. 2002). Second, a motion for reconsideration cannot be used to adduce evidence or arguments or theories that could and should have been advanced in the opening brief. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996);*Bally Export Corp. v. Balicar Ltd.,* 804 F.2d 398, 404 (7th Cir. 1986).

These principles are based on sound institutional considerations. Spiraling dockets and the scarcity of judicial resources simply make impossible requests for judges to reconsider their decisions by parties anxious to have another go at it. If that were permissible, or if a motion to reconsider could be used a vehicle to raise arguments or introduce evidence that could and should have been adduced earlier, litigation would be prolonged interminably, *cf. Mungo v. Taylor,* 355 F.3d 969, 978 (7th Cir. 2004); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996), and the urgent interests of other litigants in prompt resolution of their cases would be seriously compromised. *Cf. United States v. Underwood,* 130 F.3d 1225, 1227 (7th Cir.

---

[1] Selective quotations can render an opinion "quite misleading." *Walters v. National Association of Radiation Survivors*, 473 U.S. 305, 322 (1985). And selectively quoting an opinion in a way that tends to distort the opinion's essential thrust is perhaps not the best way to persuade a court to exercise its "discretion" in favor of the movant, *compare Campbell v. Clarke,* 481 F.3d 967, 969 (7th Cir.2007) – and that is what the Board is asking me to do. *See infra* at 5.

1997); *Chicago Observer, Inc. v. City of Chicago,* 929 F.2d 325, 329 (7th Cir. 1991).[2]

But judges are not omniscient, and "all judges make mistakes." *Fujisawa Pharmaceutical Co., Ltd. v. Kapoor,* 115 F.3d 1332, 1339 (7th Cir. 1997). "[I]n any given opinion, [a court] can misapprehend the facts ... or even overlook important facts or controlling law." *Olympia Equipment v. Western Union,* 802 F.2d 217, 219 (7th Cir. 1986). And so a court must have the power to redress " '[a] grievous wrong [resulting from] some misapprehension or inadvertence by the judge....'" *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990). Such situations, however, "rarely arise and the motion to reconsider should be equally rare." *Id.* at 1191. *See also*, *Solis v. Consulting Fiduciaries, Inc.,* 557 F.3d 772, 780 (7th Cir. 2009); *Santamarina v. Sears, Roebuck & Co.,* 466 F.3d 570, 571-72 (7th Cir. 2006).

Significantly, the motion for reconsideration does not contend that there has been a change in or clarification of the law that makes the earlier ruling erroneous, that the court misunderstood the Board's position or that a significant mistake was made by the court in the legal or factual analysis. In short, it does not seek to justify the kind of brief it filed or to contend that there was a mistake made in applying the waiver doctrine under the circumstances of this case. Instead, the motion simply asks that the court exercise its "discretion" and allow the Board to have a second chance to file a brief that now contains the comprehensive and developed analysis that should have been, but was not made, in the initial brief. But no persuasive reason is given to warrant such an exercise. Fairly viewed, the motion for reconsideration simply asks that counsel be allowed to correct the approach she took in writing the response brief, not that the court correct some mistake

---

[2]Indeed, the public has an interest in the prompt resolution of judicial disputes that transcends the interests of the parties. *See Gray v. Schaub,* 1999 WL 313743, *2 (7th Cir. 1999); *Matter of Stavriotis,* 977 F.2d 1202, 1205 (7th Cir. 1992). *Accord Weingarten Realty Investors v. Miller,* 661 F.3d 904, 913 (5th Cir. 2011).

that it made. That is not the function of a motion for reconsideration, and it is not an appropriate basis on which a court should exercise its discretion and reverse an otherwise accurate decision in favor of one party, to the obvious disadvantage of the other.

An exercise of *discretion* involves more than simply exercising the *power* to choose between competing alternatives. It requires a consideration of the factors relevant to that exercise. *United States v. Roberson*, 474 F.3d 432, 436 (7th Cir. 2007); *United States v. Cunningham,* 429 F.3d 673, 679 (7th Cir. 2005). Discretion without a criterion for its exercise is authorization of arbitrariness – a shelter for judges to respond according to their individual whim and will. *Daniels v. Allen,* 344 U.S. 443, 496 (1953)(Frankfurter, J., concurring and dissenting in part). *See also Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005); *Albermarle Paper Co. v. Moody*, 422 U.S. 405, 416 (1975); *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007)(en banc). Unfortunately, the motion for reconsideration does not offer a single persuasive reason supporting its request that the March 13th order be vacated and the briefing started anew. Although the motion says the brief in response to the motion to compel was filed under the press of time, thereby preventing the kind of presentation all the cases require, the claim is not supported by the facts.

The motion to compel was filed on March 2, 2012, for presentment to Judge Lefkow on March 8. [Dkt. 35]. The Board did not appear on that date and seek time to file a brief nor did it ask for more time to file a brief. Instead, on March 7, the Board filed its response. [Dkt. 38]. On that same day, Judge Lefkow referred the matter here. The brief filed by the Board did not comport with the Seventh Circuit's consistently adhered to rule that unsupported and superficial presentations result in a waiver of the argument. That is a rule that Judge Lefkow adheres to. *See e.g., United States Myrick v. Aramark Corp.*, 2004 WL 906176, *6 (N.D.Ill. 2004)(Lefkow, J.). In any event,

6

if counsel thought the time insufficient to respond in the principled way that is required, there was ample opportunity to ask Judge Lefkow for an extension of time or, once the case was transferred to this court, to have sought permission to file a supplemental brief that comported with basic brief-writing requirements. Finally, the suggestion that five days was not a sufficient time to prepare a meaningful brief cannot account for the fact that the brief never identified what privilege was being asserted. It merely said that certain of the objections were "based on privilege" or "involved privilege." *See infra* at 8.

In order to grant the motion for reconsideration and allow the filing of a comprehensive brief at this point would require that I disregard all of the criteria that govern the consideration of such motions and disregard the consistent holdings that superficial, undeveloped, and unsupported arguments are waived. Under the circumstances of this case, granting the motion for reconsideration would be an abuse, not an appropriate exercise, of discretion. It would unjustifiably favor the defendant at the expense of the plaintiff, and, more than that, it would treat the Board in a dramatically dissimilar way than similarly situated defendants are routinely treated, contrary to the basic principle of justice that like cases should be decided alike. *Martin*, 546 U.S. at 139; Cardozo, The Nature Of The Judicial Process 33 (1921)("It will not do to decide the same question one way between one set of litigants and the opposite way between another."); Henry J. Friendly, *Indiscretion About Discretion*, 31 Emory Law Journal, 747, 758 (1982)( "The most basic principle of jurisprudence [is] that "'we must act alike in all cases of a like nature,'" "we cannot have one rule for a man riding a white horse on Monday and another one for one riding a black horse on

Tuesday....").[3]

At the hearing on the motion for reconsideration, the Board's counsel stated that the objections to the document request that prompted the plaintiff's motion to compel did refer to one or more claims of privilege. However, the Board's brief in response to the motion to compel spelled none of this out and did not identify the privileges that were being relied on. [Dkt. 38]. The brief merely said that certain of the objections were "based on privilege" or "involved privilege." Unless one conducted an independent review of the exhibits attached to the motion to compel with an eye toward ascertaining what had occurred – and ultimately to make the case for the Board – there was no way to know what privilege was being asserted. It is not a judge's role to the record in order to advance and construct an argument that the party's counsel has failed to do. *Tyler v. Runyon*, 70 F.3d 458, 466 (7th Cir. 1995); *Hartmann v. Prudential Ins. Co.*, 9 F.3d 1207, 1214 (7th Cir.1993); *Weissman v. Weener,* 12 F.3d 84, 86 (7th Cir. 1993).[4]

Time and again, the Seventh Circuit has reminded bench and bar all like that judges are not "pigs hunting for trifles buried in briefs," and they are not required "to play archaeologist with the record." *See United States v. 5443 Suffield Terrace, Skokie, Ill*., 607 F.3d 504, 510-511 (7th Cir. 2010); *Casna v. City of Loves Park*, 574 F.3d 420, 424 (7th Cir. 2009)*: Corley v. Rosewood Care*

---

[3] To grant the motion for reconsideration under the circumstances of this case would ultimately encourage the kind of superficial briefing that courts constantly rail about.

[4] Attached as Exhibit B to the plaintiff's motion to compel her first request for production of documents, which was served on 4/19/11. Attached as Exhibit C was the defendant's amended responses to the request, which were served on 8/5/11. The Board's amended response to Request No. 10 adverted to the attorney/client privilege, the deliberative process privilege, and the Illinois Open Meetings Act privilege. The Board's brief, however, did not specify these privileges or make any effort to support the assertion of any privilege. Nor did the exhibits attached to that brief (i.e., answers to requests to admit and a transcript of a deposition) reveal what was involved. Nor, was there any privilege log, even though 7 months had elapsed since the Board had raised objections to the documents request.

*Center, Inc. of Peoria,* 388 F.3d 990, 1001 (7th Cir. 2004); *Roger Whitmore's Auto. Services, Inc. v. Lake County, Illinois,* 424 F.3d 659, 664 (7th Cir. 2005); *Ammons v. Aramark Uniform Services, Inc.,* 368 F.3d 809, 817-18 (7th Cir. 2004).

The motion for reconsideration is denied.

Nonetheless, at the hearing on the motion for reconsideration some adjustments and clarification occurred with the agreement of the parties. The Board shall answer the interrogatories giving the names of the "decision makers" and shall detail and explain why the plaintiffs were fired or laid off. The Board shall produce documents that refer, reflect or relate to the decision to fire plaintiffs. The Board shall turn over documents discussed in court, which shall reflect the birthdays of all those fired or laid off. The documents to be produced by the Board need not include those which reflect conversations between board members and counsel for the Board and those that which the seeking or giving of confidential communications involving requests for legal advice. Board of Education meetings and conversations among board members that relate to the subject matter of the instant case are relevant and must be produced. Core work product privilege need not be produced, nor need the Board produce confidential communications regarding the present case between counsel and the Board that seek or give legal advice. The Board shall produce the policies and *promulgated* rules and procedures for layoffs and recalls for the period 2005 to present as discussed in court.

The Board has also asked for an immediate settlement conference. The plaintiff believes that a conference now would be premature. It is not that she is unwilling to discuss settlement; it is merely her view that without compliance with outstanding discovery requests and without certain, further discovery she cannot make an informed demand at this time or appropriately respond to an

9

offer by the Board. Although federal courts have the authority to require parties to engage in settlement discussions, they have no authority to force a settlement. *Goss Graphics Sys., Inc. v. Dev Indus., Inc.,* 267 F.3d 624, 627 (7th Cir. 2001); *Strandell v. Jackson County, Illinois*, 838 F.2d 884, 887 (7th Cir. 1988). Requiring the parties to attend a formal settlement conference at this point would have some tendency to be coercive and, more importantly, would not be an efficient use of judicial resources. Requiring the parties to attend a conference on May 15, 2012 will accommodate the parties' interests.

## CONCLUSION

The motion for reconsideration and for expedited settlement conference [Dkts. 46 and 47] are denied.

ENTERED:_____
UNITED STATES MAGISTRATE JUDGE

DATE: 4/2/12